UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| Lydia R. Rocha | § |
| | § |
| | § Civil Action No. |
| | § |
| V | § 5:19-cv-302 |
| | § |
| | § |
| | § |
| Zwicker & Associates, P.C. and | § |
| Elise D. Manchester | § |
| | § |

Complaint

## Introduction

1. The Fair Debt Collection Practices Act was enacted to protect consumers from harassment and abuse by debt collectors. Congress found that these acts by debt collectors led to personal bankruptcies, invasions of privacy, marital instability, and job loss.

2. The FDPCA prohibits debt collectors from making false and misleading representations, including, but not limited to: the false representation that any individual is an attorney or that a communication is from an attorney, 15 U.S.C. § 1692e(3); the threat to take any action that cannot legally be taken or that is not intended to be taken, 15 U.S.C. § 1692e(5); and the use of any false representation or deceptive means to collect or attempt to collect a debt, 15 U.S.C. § 1692e(10).

3. The FDPCA applies to attorneys who make misrepresentations in the course of litigation. *Heintz v. Jenkins*, 514 U.S. 291, 115 S. Ct. 1489 (1995) There is an exception to general attorney immunity for attorneys who regularly collect consumer debts. *Garret v. Derbes* 110 F.3d 317 (5th Cir. 1997).

4. It is well known that Texas provides generous exemptions from garnishment, attachment, execution, and seizure to residents. Homesteads, wages, and a number of other categories are exempt. Less well know are the exemptions under the receivership statue contained in Civ. Prac. & Rem. Code § 31.002. The proceeds of exempt assets are exempt from receivership. Civ. Prac. & Rem. Code § 31.002(f). Texas courts have held this to mean that wages paid to employees are exempt from receivership and turnover. "By prohibiting the turnover of the proceeds of property exempt under an [sic] statute, this section necessarily prohibits the turnover of the proceeds of current wages." *Caulley v. Caulley*, 806 S.W.2d 795, 798 (Tex. 1991).

5. Plaintiff brings this action for Defendants violations of the FDCPA and seeks actual damages, statutory damages, and attorney's fees and costs.

## Jurisdiction & Venue

6. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

7. Venue is proper in this district and division pursuant to 28 U.S.C. § 1391(b) as a substantial part of the events or omissions giving rise to Plaintiff's claims occurred here.

## Parties

8. Plaintiff, Lydia R. Rocha, is a natural person who resides in and has resided in San Antonio, Bexar County, Texas at all times relevant to this action.

9. Defendant, Zwicker & Associates, P.C., is a Massachusetts professional corporation whose primary business address is 80 Minuteman Rd. Andover, Massachusetts 01810. It may be served via its registered agent CT Corporation System, 1999 Bryan Street, Suite 900 Dallas, Texas 75201.

10. Defendant Elise D. Manchester is a licensed attorney at law in the State of Texas, having been admitted on November 6, 2009 and holding bar car 24070566.

11. The principal business address of Manchester is 1 Chisholm Trail, Suite 301, Austin, Texas 78681.

## Facts

12. Each Defendant is regularly engaged in the collection of debts.

13. Each Defendant regularly collects, and attempts to collect, defaulted consumer debts which are alleged to be owed to others.

14. The principal purpose of Zwicker is the collection of such debts.

15. Manchester is an attorney at law of the State of Texas representing one or more third-party creditors throughout the State of Texas.

16. In their attempts to collect debts each defendant uses the mails, telephone, the internet, and other means of interstate commerce.

17. The Debt is an allegedly defaulted debt that Rocha used for personal, family, and household purposes (the "Debt").

18. In April 2018, Zwicker sued Rocha for an alleged defaulted debt.

19. On July 16, 2018 Zwicker took a default judgment against Rocha.

20. On November 15, 2018 Zwicker applied for the appointment of a post-judgment receiver.

21. A true and correct copy of the application is attached as Exhibit A without its exhibits attached to the original.

22. As part of its application, Manchester stated:

> to collect the debt. Judgment Defendant has not paid the judgment; the Judgment Defendant(s) is believed to own property, including present or future rights to property that cannot be readily attached or levied on by ordinary legal process; and the property is not exempt from attachment, execution, or seizure for the satisfaction of liabilities. Judgment Defendant is believed to have cash on-hand and/or on-deposit at one or more financial institutions holding non-exempt funds.

23. However, Rocha did not have any assets that were not exempt from receivership.

24. The only funds in her bank account were the proceeds of her wages.

25. The receiver appointed by the court froze Rocha's bank account.

26. She was unaware of what had happened until she attempted to use her debit card and it was declined.

27. The proceeds of wages are exempt from receivership. Civ. Prac. & Rem. Code § 31.002(f); *Caulley v. Caulley*, 806 S.W.2d 795, 798 (Tex. 1991); *Marrs v. Marrs*, 401 S.W.3d 122, 126 (Tex. App.—Houston 2011).

28. Manchester made the statement in the application for appointment of receiver without conducting an investigation of Rocha's assets.

29. Manchester made the statement in the application for appointment of a receiver ignorant of the status of Rocha's assets.

30. Manchester made the statement in the application for appointment of a receiver ignorant to the law.

31. The application for appointment of a receiver is a form used by Zwicker, which involves no attorney review of any judgment debtor's financial situation to determine whether any judgment debtor has non-exempt assets under Civ. Prac. & Rem. Code § 31.002(f).

32. The representations made by Manchester in the application for appointment of a receiver are false.

## Cause of Action – Fair Debt Collection Practices Act

33. Both defendants are a debt collectors as defined by 15 U.S.C. § 1692a(6).

34. The Debt is a debt as defined by 15 U.S.C. § 1692a(5).

35. Rocha is a consumer as defined by 15 U.S.C. § 1692a(3).

36. The application is a communication as defined by 15 U.S.C. § 1692a(2).

37. Defendants failed to comply with the FDCPA with respect to Rocha.

38. Such failures include, but are not limited to:

    a. The use of false, deceptive, or misleading representations or means in connection with the collection of any debt in violation of 15 U.S.C. § 1692e;

    b. The false representation of the character, amount, or legal status of any debt in violation of 15 U.S.C. § 1692e(2)(A);

    c. The false representation or implication that any individual is an attorney or that any communication is from an attorney in violation of 15 U.S.C. § 1692e(3);

    d. The threat to take any action that cannot legally be taken or that is not intended to be taken in violation of 15 U.S.C. § 1692e(5);

    e. The false representation or implication that a sale, referral, or other transfer of any interest in a debt shall cause the consumer to become subject to a practice prohibited by the FDCPA in violation of 1692e(6)(B); and

    f. The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer in violation of 15 U.S.C. § 1692e(10).

39. Defendants' conduct invaded Plaintiff's rights which are protected by the FDCPA, the invasion of which caused an injury in-fact.

40. Based on a single violation of the FDCPA, Defendants are each liable to Plaintiff for such relief allowed under 15 U.S.C. § 1692k.

## Jury Demand

41. Plaintiff demands this case be tried before a jury.

## Prayer for Relief

Plaintiff prays, that this Court enter judgment against Defendant and in favor of Plaintiff for:

a. Actual damages per 15 U.S.C. § 1692 k(a)(1);

b. Statutory damages per 15 U.S.C. § 1692k(a)(2); and

c. Attorney's fees, costs, and litigation expenses per 15 U.S.C. § 1692 k(a)(3).

Dated March 22, 2019               Respectfully Submitted,

/s/William M. Clanton
William M. Clanton
Texas Bar No. 24049436

Law Office of Bill Clanton, P.C.
926 Chulie Dr.
San Antonio, Texas 78216
210 226 0800
210 338 8660 fax
bill@clantonlawoffice.com